State *v.* Adams.

THE STATE *v.* WALLACE ADAMS.

CRIMINAL LAW. *Grand jury. Inquisitorial powers. Disturbing literary assembly.* The grand jury has no inquisitorial powers in cases of disturbing a literary or educational assemblage.

FROM KNOX.

Appeal in error from the Criminal Court of Knox county. M. L. HALL, J.

ATTORNEY-GENERAL LEA for the State.

J. C. J. WILLIAMS for Adams.

DEADERICK, C. J., delivered the opinion of the court.

The defendant was presented by the grand jury of the Criminal Court of Knox county for disturbing a congregation of persons assembled for educational and literary purposes, under sec. 4853*a* of the Code.

The preceding section makes it a misdemeanor, to disturb an assemblage of persons met for religious worship, punishable by a fine not less than $20 nor more than $200, to which imprisonment not exceeding six months in the county jail may be added at the discretion of the court.

The section which protects persons met for educational or literary purposes, provides that the disturber shall be subject to all the "pains and penalties" that the disturbers of public worship are subjected to by sec. 4853 of the Code.

The terms "pains and penalties" refer to the punishment to be inflicted upon the offender.

Taking the two sections cited together, they mean that disturbing a religious assembly, and disturbing an assembly met for educational or literary purposes, are punishable alike.

But it is insisted for the State not only that the punishment is the same, but that the grand jury, which has the power expressly conferred on it by sec. 5087 of the Code to send for witnesses to testify before them, when they suspect a violation of the act for the protection of religious assemblages, has the same power in relation to disturbances of persons met

for educational or literary purposes. We do not think so. No such power is expressly conferred by statute, and unless it is, the presentment may be quashed upon a plea in abatement. 1 Swan, 19; 4 Col., 195.

In this case the grand jury assumed the power to send for witnesses, and that was pleaded in abatement. The Attorney-General demurred to the plea, and the court overruled the demurrer and quashed the presentment, and the State appealed.

The judgment of the court below was correct, and will be affirmed, and the prisoner will be discharged.